**Entered on Docket**
**April 26, 2013**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| *In re* ASSET RESOLUTION, LLC,<br><br>              Debtor.<br><br>WILLIAM A. LEONARD, JR.,<br><br>              Plaintiff/Trustee,<br><br>vs.<br><br>BULLIVANT HOUSER BAILEY, PC et al.,<br><br>              Defendants. | 2:09-bk-32824-RCJ<br><br><br><br>2:11-ap-01304-RCJ<br><br>**ORDER** |

       This is an adversary proceeding arising out of the Asset Resolution, LLC Chapter 7 bankruptcy case. Pending before the Court is Defendant's Motion for Judgment on the Pleadings (ECF No. 24). For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

       USA Commercial Mortgage Co. ("USA Commercial") was a loan servicing company that went bankrupt. At an auction pursuant to those bankruptcy proceedings, Compass USA SPE, LLC ("Compass USA") purchased USA Commercial's interest in thousands of Loan Servicing Agreements ("LSA"). Those LSAs were contracts between USA Commercial and various financial institutions and individuals ("Direct Lenders") that had lent money for the purchase of

commercial real estate. The LSAs gave USA Commercial the right to administer the loans on behalf of the Direct Lenders. Silar Advisors, LP and Silar Special Opportunities Fund, LP (collectively, "Silar") financed Compass USA's purchase of the LSAs through a repurchase agreement. Silar later assigned the loan and corresponding security interest in the LSAs to Asset Resolution LLC ("Asset Resolution"), an entity created and owned by Silar for this purpose. Asset Resolution eventually foreclosed on the LSAs.

Certain Direct Lenders subsequently formed various companies (the "LLCs"), who along with the Jones Vargas Direct Lenders sued Compass in this Court to determine their rights and obligations under the LSAs and for various torts. Asset Resolution and Silar intervened. Further complicating matters, on October 14, 2009, Asset Resolution and Silar filed a Notice of Commencement of Chapter 11 Bankruptcy Cases, indicating that Asset Resolution, but not Silar itself, had filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. On November 24, 2009, the Bankruptcy Court for the Southern District of New York transferred the bankruptcy action to this District. In order to consolidate the proceedings in this complex and acrimonious litigation, this Court withdrew the bankruptcy case. The Court also converted the case to Chapter 7, putting Asset Resolution's estate under the exclusive control of the Trustee. On December 14, 2010, after a four-week trial, a jury rendered a mixed verdict, granting $79,470.39 in compensatory damages (jointly and severally in part) and a total of $5.1 million in punitive damages in favor of approximately fifty Plaintiffs against seven Defendants.

In the present adversary proceeding arising out of Asset Resolution's Chapter 7 bankruptcy, Plaintiff Trustee William A. Leonard, Jr. has sued Defendants Bullivant Houser Bailey, PC ("BHB") and Epstein Becker & Green, PC ("EBG") for legal malpractice related to the Master Purchase Agreement ("MPA") that Silar and Compass entered into. EBG represented Silar, and BHB represented Compass.

First, EBG allegedly advised Silar that the MPA would constitute a loan from Silar to Compass, and that the assets that Compass would acquire (the LSAs and fractional interests in some of the loans) would represent collateral for the loan. The Court, however, has ruled that the transaction in fact represented Silar's purchase of the assets from Compass. Because the transaction was a sale and not a loan, Silar and Debtor (whom Silar created to hold the assets) have been found liable to certain direct lenders in Case No. 2:07-cv-892 based upon Compass's bad acts in loan servicing.

Second, BHB allegedly advised Compass that as servicer under the LSAs it would be entitled to collect certain fees "from the top of the waterfall" before paying the direct lenders on their investments. The Court, however, has ruled that certain of Compass's acts were inconsistent with either the LSAs themselves and/or state law, resulting in a verdict against Compass and against Debtor and Silar as Compass's successors-in-interest.

EBG has asked the Court to grant it judgment on the pleadings. BHB has not so moved.

## II.     LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. [T]he motions are functionally identical . . . .").

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true

1  and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792
2  F.2d 896, 898 (9th Cir. 1986). A court, however, is not required to accept as true allegations that
3  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell*
4  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of
5  action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a
6  claim is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations
7  omitted).

8      "Generally, a district court may not consider any material beyond the pleadings in ruling
9  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the
10 complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,
11 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged
12 in a complaint and whose authenticity no party questions, but which are not physically attached
13 to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
14 converting it into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
15 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of
16 public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).
17 Otherwise, if the district court considers materials outside of the pleadings, the motion is
18 converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*,
19 261 F.3d 912, 925 (9th Cir. 2001).

20 **III.    ANALYSIS**

21     EBG argues that the sole basis of the malpractice claim against it by Debtor is that EBG
22 incorrectly advised Silar that the transaction would constitute a loan from Silar to Compass, not a
23 sale. EBG adduces, *inter alia*, a copy of a February 16, 2007 opinion letter (the "Opinion
24 Letter") from EBG to Silar. The relevant section of the letter reads, "The transfer by [Compass]
25 to [Silar] of the Purchased Assets pursuant to the Repurchase Agreement *will either constitute a*

*sale or a pledge of assets to secure a borrowing.*" (Opinion Letter 4, Feb. 16, 2007, ECF No. 24, at 12 (emphasis added)). If the Opinion Letter were the sole basis of Debtor's claim of malpractice, as EBG alleges it is, and if Debtor had no contrary evidence, EBG would be entitled to summary judgment. The Opinion Letter makes clear that EBG assessed (correctly) that the transaction was either a sale or a pledge.[1] Perhaps because the transaction was so complex and uncertain, EBG assessed that it constituted either a sale or a pledge, but it refused to advise with certainty that it was one or the other, because the only things that were certain were that Silar was to give Compass money and Silar was to have immediate possession of the assets. EBG cannot be faulted for its caution in assessing that the transaction fell within a certain range of possible legal effects unless Debtor was later injured because a court ruled that the transaction in fact fell without that range. But, as Debtor itself notes, the Court has ruled that the transaction fell within that range, i.e., that it was a sale.

However, EBG urges the Court not to transform its motion for judgment on the pleadings into one for summary judgment, because although it has attached the Opinion Letter in support, and the Opinion Letter is not directly attached to the Complaint, the Opinion Letter "is the exclusive basis of the [C]omplaint's allegations," such that it is incorporated by reference. EBG has correctly presented the rule, *see Branch*, 14 F.3d at 454, but that rule does not aid EBG here. The Complaint does not refer to the Opinion Letter at all, much less as forming its sole basis. It refers to legal advice in general. It is possible that Debtor can produce evidence of advice from EBG to Silar to the effect that the transaction would be a loan, not a sale, e.g., a later opinion letter or testimony concerning later verbal advice. Because both EBG and Debtor ask the Court not to test the motion under Rule 56(a), the Court will not do so. The allegations of malpractice

---

[1] A "pledge," known colloquially as a "pawn" when the collateral is tangible personal property, is a loan coupled with a security agreement in which the lender retains possession of the collateral. *See Black's Law Dictionary* 1272 (9th ed. 2009).

are sufficiently pled.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 24) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

                                          ROBERT C. JONES
                                          United States District Judge