| | |
|---|---|
| SULLIVAN, HILL, LEWIN, REZ & ENGEL<br>A Professional Law Corporation<br>  James P. Hill, CA SBN 90478 (Pro Hac Vice)<br>  Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)<br>  Elizabeth E. Stephens, NV SBN 5788<br>228 South Fourth Street, First Floor<br>Las Vegas, NV 89101<br>Telephone:  (702) 382-6440<br>Fax Number: (702) 384-9102 | **Electronically Filed: June 13, 2013** |

Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>                    Debtor.<br><br>_____<br>Affects:<br>  ☒ All Debtors<br>_____<br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee,<br><br>                    Plaintiff,<br><br>v.<br><br>BULLIVANT HOUSER BAILEY, PC AND EPSTEIN BECKER & GREEN, P.C.,<br><br>                    Defendants. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>ADV. CASE NO.  11-01304-RCJ<br><br>**PLAINTIFFS' MOTION TO VACATE THE CALENDAR CALL AND TRIAL DATE, RESET ALL DEADLINES, ORDER MEDIATION, AND GRANT OTHER RELIEF**<br><br>Ctrm:   RCJ - Courtroom 6<br>            Bruce R. Thompson Federal Building<br>            400 S. Virginia Street<br>            Reno, NV 89501<br>Judge:  Hon. Robert C. Jones |

Plaintiff William A. Leonard, Jr. (the "Trustee"), the chapter 7 Trustee of the bankruptcy estate of Asset Resolution, LLC (the "Estate") respectfully  moves for an order vacating the July 29, 2013 calendar call, vacating the current August 6, 2013 trial date, resetting all deadlines in this adversary proceeding,  and directing the parties to mediate, as follows:

353761-v1                                                            - 1 -

# I.

# THE MOTION

1. A calendar call in this adversary proceeding is scheduled for July 29, 2013.

2. A jury trial is scheduled on the stacked calendar for August 6, 2013.

3. The Trustee moves to: (1) vacate the July 29th calendar call; (2) vacate the August 6th trial setting; (3) set a new trial date no earlier than 90 days from the date of the order granting this motion; and (4) directing the parties to submit a new scheduling order, with all new deadlines starting with the filing of a motion to intervene by the Claims Recovery Trust and any motions to amend the pleadings, a date certain for the Rule 26 conference among the parties, expert designations, discovery deadlines, and other deadlines attendant to the new trial setting.

4. The Trustee also moves for an order directing the parties to mediate the case within the next 45 days.

5. The Trustee also moves for such other relief to which he proves entitled.

6. The grounds for this motion are set forth below.

# II.

# GROUNDS FOR THE MOTION

## A. Commencement Of The Action And Formation Of The CRT

7. This is an action for damages and other relief arising out of transaction letters and representations rendered by two law firm defendants: Epstein Becker & Green, P.C. ("EBG"); and Bullivant Houser Bailey, P.C. ("Bullivant"). The Court has already denied a motion for judgment on the pleadings filed by Defendant EBG (Doc.28), and EBG's motion to reconsider that ruling is pending. (Docs. 29, 31, & 32)

8. The Trustee commenced this adversary on October 13, 2011, together with over fourteen other adversary proceedings.

9. At the time the Trustee commenced this adversary proceeding, he was engaged in intensive, on-going settlement discussions with the direct lenders and others in the main Asset Resolution bankruptcy case.

10. Those efforts ultimately led to a settlement approved by the Court on April 12, 2012

1  (the "Global Settlement") and entry of a comprehensive order on September 6, 2012, which included
2  approval of the creation of the Claims Recovery Trust ("CRT") to, among other things, receive
3  assignments of claims against various "Professionals." (AR Bk Doc. 1915 ("Settlement Order")).

4  11. The Settlement Order acknowledged that the claims asserted against Bullivant in this
5  adversary would be automatically assigned to the CRT upon its formation. (AR Bk. Doc. 1915 at
6  47-49, ¶¶ 140-142.)

7  12. Although the Estate and the other settling parties intended the claims asserted against
8  EBG in this adversary to also be included in the claims to be assigned to the CRT, EBG objected to
9  such an automatic assignment. (AR Bk Doc. 1841.) The Settlement Order therefore provides that
10 such claims could be assigned to the CRT after it was formed and that EBG reserved all factual and
11 legal defenses to any such purported assignment. (AR Bk. Doc. 1915 at 49, ¶ 142.)

12 **B. Status Of This Case**

13 13. Litigation of this adversary (and the many others filed with it) was essentially held in
14 abeyance due to the pending "Global Settlement" process, the attendant uncertainty as to who would
15 be responsible for pursuing the claims asserted in the adversary, and the Trustee's desire to avoid
16 work that might have to be re-done or incurring attorneys' fees or other litigation costs while that
17 process was unfolding.

18 14. The Court therefore continued the pre-trial conferences in the adversary without
19 objection. (Docs. 14, 15, 18 & 22.)

20 15. Also, although the Court held an initial "pre-trial" conference on November 26, 2012
21 and set an initial trial date of August 6, 2013 (Doc. 18), the Global Settlement was not consummated
22 and the CRT's actual formation was not approved until December 7, 2012. (AR Bk Doc. 1988).

23 16. As a result, there has been no Rule 26(f) conference, no discovery was undertaken by
24 any party before the March 15, 2012 deadline imposed by Local Rule 7026(d)(1),[1] no party has
25 designated an expert and, to avoid the significant expense of an expert while discussions with the

---

[1] Local Rule 7026(d)(1) provides: "Unless the court orders otherwise, in cases in which a discovery plan is required, all discovery must begin in time to be completed by one hundred twenty (120) days after the answer or first appearance by the first defendant."

353761-v1                                - 3 -

CRT were underway the estate did not retain an expert, and no other pre-trial activity by any party (other than recent, untimely service of some discovery requests by the Defendants).

17. Additionally, the pleadings in this adversary may not yet be settled, for as noted above EBG has filed a motion requesting the court to reconsider the denial of its motion for judgment on the pleadings which motion, in the unlikely event it is granted, should result in leave to file an amended complaint.

**C. The Need For And Propriety Of Requested Continuance And Related Relief**

18. After the CRT was formed, counsel for the CRT and bankruptcy counsel for the Trustee undertook substantial efforts to resolve all of the adversaries filed on behalf of the Estate, a process which so far has resulted in settlements and dismissals of at least fourteen adversary proceedings.

19. The Trustee requests a continuance of this adversary so that the CRT may intervene, settlement discussions or mediation can be undertaken, and, if those efforts are not successful, the parties can litigate the case on the merits, with re-set pleadings, discovery, designations of experts, exchanges of reports, and the like.

20. The Trustee also requests a continuance so that the Estate and the CRT can obtain approval of either an assignment of the Estate's claims against EBG or some other agreement by which the CRT can participate in the recovery of the Estate's claims against EBG in exchange for undertaking the cost and expense of litigating those claims. (See AR Doc. 1915 at 12-13, ¶ 23 (noting that the CRT's availability to litigate claims through its contingent fee counsel is one of the "important benefits" of the Global Settlement).

21. The CRT's counsel has informed the Trustee's counsel that the CRT joins in this request.

22. A continuance will not prejudice, and certainly will not *unduly* prejudice the Defendants, since they too did not engage in a Rule 26(f) conference, make any of the disclosures, or otherwise engage in discovery or pretrial activities under the rules.

23. Indeed, the fact that the Defendants are now trying to serve discovery requests shows that a formal extension of the pre-trial process is warranted.

## III.

## **REQUEST FOR RELIEF**

WHEREFORE, based upon the foregoing, the Trustee respectfully requests that the Court: (1) grant this motion; (2) vacate the July 29, 2013 calendar call; (3) vacate the August 6, 2013 trial setting; (4) set a new trial date no earlier than 90 days from the date of the order; (5) direct the parties to submit a new scheduling order, with all new deadlines starting with the filing of a motion to intervene by the Claims Recovery Trust and any motions to amend the pleadings, a date certain for the Rule 26 conference among the parties, expert designations, discovery deadlines, and other deadlines attendant to the new trial setting; (6) direct the parties to mediate the case within the next 45 days; and (7) grant the Trustee such other relief to which he proves entitled.

Dated:     June 13, 2013

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By:        */s/ Jonathan S. Dabbieri*
James P. Hill
Jonathan S. Dabbieri
Elizabeth E. Stephens
Attorneys for Chapter 7 Trustee, William A. Leonard, Jr.

353761-v1

- 5 -